UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| SIDNEY ERNEST JONES #304813 | Civil Case No. 1:07-cv-1258 |
| Petitioner, | HONORABLE PAUL L. MALONEY |
| v. | Magistrate Judge Carmody |
| THOMAS K. BELL, | |
| Respondent. | |

**Order Overruling the Petitioner's Objections and Adopting the R&R;
Dismissing the Habeas Corpus Petition due to Plain Lack of Merit;
Terminating the Case**

This matter was referred to the Honorable Ellen S. Carmody, United States Magistrate Judge, for a Report and Recommendation ("R&R").

Title 28 U.S.C. § 636(b)(1) provides, "Within ten days after being served with a copy [of an R&R], any party may serve and file written objections to such proposed findings and recommendations as provided by rules of court."  Likewise, Federal Rule of Civil Procedure 72 provides that "[w]ithin 10 days after being served with a copy of the recommended disposition, a party may serve and file specific, written objections to the proposed findings and recommendations." *See Deruso v. City of Detroit*, 121 F. App'x 64, 66 n.2 (6th Cir. 2005) ("The Rule requires parties to file objections to a magistrate's report and recommendation within ten days of the time the report is filed.") (citing FED. R. CIV. P. 72(a)); *Rodger v. White*, No. 89-5720, 907 F.2d 151, 1990 WL

95624, at *2 (6th Cir. July 11, 1990) ("Ordinarily, parties must file objections and exceptions to the magistrate's report within ten days of its issuance.") (citing 28 U.S.C. § 636(b)(1)).

The Clerk's Office docket records indicate that the R&R issued on Friday, January 11, 2008, and the court presumes, absent any allegation to the contrary, that the R&R was mailed to the petitioner at his correctional facility on Monday, January 14, 2008. The court also assumes *arguendo* that the petitioner did not receive the R&R from the prison mail-room until at least four days later, on Friday, January 18, 2008.

Thus, the court finds that Jones's objection, filed on Friday, January 25, 2008, was timely.

Finding the R&R to be well-reasoned, this court will overrule Jones's objections, adopt the R&R, and summarily dismiss his 28 U.S.C. § 2254 habeas corpus petition due to a plain lack of merit. Jones, who has been serving a 7-to-40-year sentence in Michigan state prison for second-degree murder since February 2000, was denied parole in December 2006. *See* Jones's Petition for a Writ of Habeas Corpus ("Pet") at 1. Jones's petition seeks to set aside the parole board's decision on two grounds. First, Jones contends that the parole denial did not comport with due process because the State of Michigan ("the State") does not offer any means of appealing the parole board's decision, which is unacceptable because he has a state-created liberty interest in parole. Second, Jones contends that the parole board exceeded its authority by substituting its judgment for that of a qualified mental-health professional.

A plaintiff claiming a violation of procedural due process rights must show that the state deprived him of a constitutionally protected interest in life, liberty, or property without due process of law. *Michael v. Ghee*, 498 F.3d 372, 377-78 (6th Cir. 2007) (Griffin, J.) (citing *Zinermon v. Burch*, 494 U.S. 113, 125 (1990) (citing *Parratt v. Taylor*, 451 U.S. 527, 537 (1981))), *reh'g &*

2

*reh'g en banc denied* (6th Cir. Dec. 21, 2007). Our Circuit has repeatedly held that "'there is no constitutional or inherent right of a convicted person to be conditionally released [e.g. paroled] before the expiration of a valid sentence.'" *Michael*, 489 F.3d at 378 (quoting *Greenholtz v. Inmates of Nebraska Penal & Corr. Complex*, 442 U.S. 1, 7 (1979)). In other words, the U.S. Constitution does not require the State of Michigan to maintain a parole system at all. *Michael*, 489 F.3d at 378 (citing *Pennsylvania v. Finley*, 481 U.S. 551 (1987)). Absent any state-created liberty interest in parole, then, Michigan's parole board can deny parole "for any reason or no reason at all" without implicating the Due Process Clause. *Porter v. Berghuis*, No. 1:07-cv-781, 2007 WL 4614003, *2 (W.D. Mich. Nov. 8, 2007) (Brenneman, M.J.) (citing *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 235-36 (6th Cir. 1991)).[1]

State law can create a constitutionally cognizable liberty interest in parole, but only if it creates a legitimate expectation of parole by using mandatory language that limits the parole board's discretion. *Isreal v. Rubitschun*, No. 1:07-cv-153, 2007 WL 1299305, *3 (W.D. Mich. Apr. 30,

---

[1]

*See also*, all citing *Inmates of Orient Corr. Inst.* for this proposition:

*Giegler v. Trombley*, No. 04-cv-73471, 2007 WL 2868103, *2 (E.D. Mich. Sept. 27, 2007) (O'Meara, J.);
*Floyd v. Ferguson*, No. 1:07-cv-478, 2007 WL 2302351, *4 (W.D. Mich. Aug. 8, 2007) (Quist, J.);
*Hastie v. Rubitschun*, No. 1:07-cv-345, 2007 WL 2115107, *3 (W.D. Mich. July 19, 2007) (Bell, C.J.);
*Bagetta v. Caruso*, No. 1:07-cv-267, 2007 WL 2077729, *3 (W.D. Mich. July 18, 2007) (Enslen, J.);
*Allen v. Rubitschun*, No. 4:06-cv-148, 2007 WL 951383, *3 (W.D. Mich. Mar. 27, 2007) (Miles, J.);
*Martin v. Palmer*, No. 1:05-cv-281, 2005 WL 1309129, *3 (W.D. Mich. May 31, 2005) (McKeague, J.).

3

2007) (Bell, C.J.) (citing *Board of Pardons v. Allen*, 482 U.S. 369, 373-75 (1987)).[2]

The mandatory language may be found in a statute, a regulation, or even "policy statements . . . or other official promulgations" by parole or prison officials. *See Beard v. Livesay*, 798 F.2d 874, 877 (6th Cir. 1986); *see, e.g., Mayes v. Trammell*, 751 F.2d 175, 177-79 (6th Cir. 1984) (holding that the State created a liberty interest not by statute, but by the implementing rules adopted by the parole board, which limited the board's discretion to deny parole and gave rise to a "legitimate expectation of release absent the requisite finding that one of the justifications for deferral exists"); *Walker v. Hughes*, 558 F.2d 1247, 1255 (6th Cir. 1977) (noting that "liberty interests can be created by rules or mutually explicit understandings", and holding that prison policy statements created a limited liberty interest notwithstanding federal statutory provisions granting discretionary authority to prison officials). The key inquiry is whether "substantive limitations have in fact been placed on the discretion of prison officials" as to whether to grant parole. *Beard*, 798 F.2d at 879.

As our Circuit has repeatedly and recently held, however, Michigan's parole statutes and regulations do not impose any such limitation on the discretion of parole officials:

> Michigan law, which imbues the Parole Board with broad discretion, does not create a liberty interest in the granting of parole. *Sweeton v. Brown*, 27 F.3d 1162, 1164-65 (6th Cir. 1994) (en banc). (Though Michigan's statutes governing parole procedures have been amended in minor ways since *Sweeton*, the legislature has made no

---

[2] *See also*, all citing *Board of Pardons v. Allen* for this proposition:

*Rios v. Berghuis*, No. 1:06-cv-267, 2006 WL 1361229, *3 (W.D. Mich. May 17, 2006) (Quist, J.);
*Bringard v. DeBoer*, No. 1:06-cv-19, 2006 WL 958268, *3 (W.D. Mich. Apr. 11, 2006) (Miles, J.);
*Swanchara v. Kleinhardt*, No. 2:05-cv-179, 2005 WL 2572037, *2 (W.D. Mich. Oct. 12, 2005) (Enslen, J.);
*Martin v. Palmer*, No. 1:05-cv-281, 2005 WL 1309129, *3 (W.D. Mich. May 31, 2005) (McKeague, J.).

alterations that would change the result in that case.  *See* MICH. COMP. LAWS §§ 791.234-.235.)

*Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006) (per curiam) (Siler & Griffin, JJ., & Katz, D.J.) ("Therefore, even if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution.  The district court properly concluded that Caldwell failed to state a claim on which relief could be granted . . . ."); *see also Echlin v. Boland*, 111 F. App'x 415, 417 (6th Cir. Sept. 17, 2004) (per curiam) (Guy & Sutton, JJ., & Carr, D.J.); *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003) (per curiam) (Gibbons & Sutton, JJ., & Tarnow, D.J.).  The Michigan Supreme Court has likewise held that the State's parole system does not give rise to any liberty interest in parole.  *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999); *see, e.g., In re Adams*, No. 246768, 2004 WL 2348322, *2 (Mich. App. Oct. 19, 2004) ("[O]ur Supreme Court in *Glover* held . . . that a prisoner in Michigan has no vested right, protected by the Due Process Clause, in parole. * * *  Accordingly, because there is no property or liberty interest here, the due process protections do not apply.");

Therefore, Jones has no liberty interest in consideration for parole in Michigan, and he fails to state a claim for violation of his federal procedural due-process rights.

Jones's objections to the R&R acknowledge that our Circuit's precedent, both published and unpublished, holds that Michigan's state laws do not create a liberty interest in parole.  He argues merely that this court should not give weight to the Sixth Circuit's unpublished decisions in those cases because the habeas petitioners in most of those cases were presumably proceeding *pro se* or were represented by law students rather than practicing attorneys.  *See* Jones' Objection Br. at 3. This objection fails, because this court's decision whether to follow persuasive authority (such as decisions by the district courts or unpublished decisions of the Sixth Circuit) does not and cannot

5

turn on who represented or did not represent the parties in the cases leading to those decisions. Rather, this court's decision whether to follow persuasive authorities turns on factors such as whether the persuasive authorities employ logical reasoning; whether they are internally consistent; whether they comport with established canons of construction or provide good reasons for departing from such canons; whether they are consistent with a plain and sensible reading of any applicable provisions of the Constitution (taking into account the intent and understanding of the Framers), statutes (taking into account, when necessary and appropriate to clarify any ambiguity, the legislative history and intent), and regulations; and whether they comport with the letter and spirit of the binding precedents that govern the relevant area of the law.

Jones also objects that

[T]he report and recommendation cites *Glover v. Mich Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999), so as to support it's conclusion that the state court has found no due process liberty interest in obtaining parole. It should be of interest to note that Michigan has a "Due Process of Law" provision under it's state constitution (Const 1963 Art. 1, Sec. 17) like it's federal counterpart the 14th Amendment to the United States Constitution. Since the report did not make clear as to which of the due process of law provision[s] that it was relying it can only be assumed that it was cited as to suggest that a state court[']s interpretation of federal law in respect to state law supersedes a federal court's interpretation of its own law.

Petitioner contends that the very case [o]n which the report and recommendation relies did not find for such a result. The Court held that the United States Supreme Court is the final arbiter regarding the meaning of the federal constitution (*Marbury v. Madison*, 5 U.S. (1 Cranch) 137; 2 L.Ed. 60 (1803)) and the federal judiciary is supreme in the exposition of the federal constitution. *Cooper v. Aaron*, 358 U.S. 1, 18 . .. (1958). The Court found that neither the Court of Appeals or any other court . . . is free to hold that the federal constitution provides a right that a . . . majority opinion of the United States Supreme Court says it does not.
\* \* \*
Petitioner contends that the case of *Glover* doesn't even address the issue of the state's constitutional due process provision, therefore, for the report and recommendation to cite *Glover* as to have one believe that the state court is interpreting federal law in reaching it's determination that Michigan prisoner[s] do not have an expectancy of parole as a matter of federal law certainly should be

6

>rejected especially in light of the [fact that the] state court itself rejects such an invitation.

Jones' Objection Br. at 6-7 and 8. It is not entirely clear what Jones is arguing here. It appears that he believes that the R&R rests on the premise that the Michigan state courts' interpretation of the U.S. Constitution's Due Process Clause takes precedence over the federal courts' interpretation of that clause. The court finds, however, that the R&R shows no sign of resting on such a premise. Moreover, as noted above, binding federal decisions hold that there is no liberty interest in parole (and thus no *federal constitutional* due-process rights) under parole frameworks such as Michigan's, while *Michigan* state appellate-court decisions reach the same conclusion under the *Michigan* Constitution's due process clause.

In addition, Jones offers no authority suggesting that the scope and contours of the U.S. Constitution's Due Process Clause is any different from that of the Michigan Constitution's Due Process Clause with respect to the standard for creation of a liberty interest in parole. On the contrary, the Michigan Court of Appeals recently stated in a published decision, "both our Supreme Court and this court have held that this State's Due Process Clause provides protection coextensive with its federal constitutional counterpart." *By Lo Oil Co. v. Dep't of Treasury*, 703 N.W.2d 822, 833 (Mich. App. 2005) (citing *People v. Sierb*, 581 N.W.2d 219, 221 (Mich. 1998) ("The defendant has failed to distinguish between the state and federal due process provisions and has not argued that the Michigan provision should be interpreted differently from its federal counterpart. We interpret the state provision as coextensive with the federal provision for purposes of this appeal.") and *English v. Blue Cross Blue Shield of Michigan*, 688 N.W.2d 523, 531 (Mich. App. 2004) ("Because the Michigan Constitution does not provide greater protection than the federal due process guarantee, federal precedent appropriately contributes to our analysis.")).

Jones further objects that "in any context a prisoner's liberty interest's inquiry begins in *Sandin v. Conner*, 115 S.Ct. 2298 (1995). Even in *Glover* the state court recognized that *Greenholtz* was superseded by *Sandin*, suggesting that a prisoner's liberty interest for federal purposes begins with *Sandin* . . . ." Jones' Objection Br. at 8-9. This objection flies in the face of recent Sixth Circuit precedent. According to our Circuit, in *Sandin* the U.S. Supreme Court held only that a State "creates a liberty interest in avoiding certain prison conditions only where those conditions are an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'" *Michael v. Ghee*, 498 F.3d 372, 378 (6th Cir. 2007) (Griffin, J.) (quoting *Sandin v. Connor*, 515 U.S. 472, 484 (1995)). However, *Sandin* was decided only in the context of prison conditions, not parole eligibility, and our Circuit "has never held that an inmate's eligibility for parole at a certain time, under a discretionary parole system, is an 'atypical and significant hardship.'" *Michael*, 489 F.3d at 378. In determining that *Sandin* does not apply to due-process claims relating to parole decisions, our Circuit expressly adopted the reasoning of *Swihart v. Wilkinson*, 209 F. App'x 456 (6th Cir. 2006) that "'eligibility or non-eligibility for parole does not affect the manner in which [a prisoner] is confined and, thus, no liberty interest is implicated.'" *Michael*, 489 F.3d at 378 (quoting *Swihart*, 209 F. App'x at 458-59).

Finally, Jones argues that

> the statutes, rules, and regulations [do] in fact give a prisoner in the State of Michigan an expectancy of release on parole absent requisite findings that one of the justifications exist for deferral., in opposition to the cases cited in petitioner's Memorandum of Law at page 17 and the unpublished Sixth Circuit cases cited in the report and recommendation at page 4.

Jones' Objection Br. at 10. But Jones offers no support for this conclusory assertion. He fails to identify which statutory provision, regulation, prison rule, or official prison policy statement is

8

alleged to give Michigan state prisoners an expectation of release on parole and therefore a liberty interest in parole.  Put another way, he fails to show how the Michigan statutes or regulations have been amended so as to give rise to such a prisoner expectation, when our Circuit held very recently that these same statutes and regulations do not sufficiently cabin parole board discretion as to give rise to such an expectation.  *See Caldwell v. McNutt*, 158 F. App'x 739, 740-41 (6th Cir. 2006) ("Michigan law, which imbues the Parole Board with broad discretion, does not create a liberty interest in the granting of parole.  *Sweeton* . . . (6th Cir. 1994) (en banc).  (Though Michigan's statutes governing parole procedures have been amended in minor ways since *Sweeton*, the legislature has made no alterations that would change the result in that case.)").

Accordingly, having reviewed Jones' habeas corpus petition, the warden's response to the petition, the R&R, and Jones's objections to the R&R, the court hereby **OVERRULES** Jones's objections and **ADOPTS** the R&R.

The habeas corpus petition is **DISMISSED with prejudice.**

This case is **TERMINATED.**

**This order is final and appealable.**

**IT IS SO ORDERED this 20th day of February 2008.**

/s/ Paul L. Maloney
Paul L. Maloney
United States District Judge